1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ERIC LAVELLE NICHOLS,                    CASE NO. 1:14-CV-1880-SMS (HC)

10              Petitioner,                  ORDER DISMISSING SECOND
                                             AMENDED PETITION WITH LEAVE TO
11       v.                                  AMEND

12   JOHN KATAVICH, WARDEN,

13              Respondent.

14

15      Petitioner is a state prisoner proceeding *in pro se* and *in forma pauperis* with a petition for

16   writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the

17   operative petition for failure to exhaust state remedies. For the reasons discussed below, the

18   second amended petition will be dismissed with leave to amend to delete the unexhausted claims.

19      **I.      BACKGROUND**

20      Plaintiff was sentenced in the Kern County Superior Court on September 16, 2011 after a

21   jury conviction. He appealed his conviction in the California Court of Appeal based on a violation

22   of due process for the trial court's ruling requiring him to proceed without a continuance. The

23   Court of Appeals affirmed the judgment, and review was denied by the California Supreme Court.

24   On November 24, 2014, Plaintiff filed a motion to stay federal habeas proceedings until state

25   remedies were exhausted. Doc. 1. He did not file a petition for writ of habeas corpus. In his

26   motion he stated that he had filed a state habeas petition.

27      On December 3, 2014, the Court screened Petitioner's motion as required by 28 U.S.C. §

28   1915A(a), and denied it as premature. Doc. 4. The Court directed Petitioner to file a completed

1  petition. Petitioner did so. Doc. 5. In his petition, he indicated that he had filed a state habeas

2  petition, but he did not indicate whether he had received a result and he checked that he had not

3  appealed the petition to the highest state court. He indicated that he did not have any petition or

4  appeal pending in any court as to the judgment under attack. However, in his grounds for relief,

5  Petitioner listed the single claim exhausted through direct appeal and the four claims yet

6  unexhausted but raised in his state habeas proceeding. Thus, the Court granted Petitioner's motion

7  for stay and abeyance to permit exhaustion of the four stated claims and directed Petitioner to file

8  periodic status reports. Doc. 9.

9          Petitioner's first status report indicated an adverse result on his state habeas proceeding

10 and requested the court to proceed with the federal habeas petition. Doc. 10. On December 31,

11 2014, the Court informed Plaintiff that he had not exhausted fully exhausted his state remedies

12 until the California Supreme Court had denied his petition. The Court continued the stay order.

13 Doc. 11. On January 12, 2015, Petitioner submitted a request to proceed with the federal habeas

14 petition. Doc. 12. He indicated that he had exhausted all state remedies. The Court lifted the stay

15 and directed Petitioner to file an amended petition reflecting exhaustion of all claims. Doc. 13.

16         Petitioner's first amended petition included only the claim exhausted through direct appeal.

17 Doc. 15. Because the Court believed Petitioner intended to proceed with his four claims brought

18 through the state habeas proceeding, and because Petitioner's original petition included several

19 attachments, while the first amended petition did not, the Court granted Petitioner the right to file

20 a second amended petition to include all claims alleged in the original petition, or to proceed with

21 the first amended petition as filed. Doc. 16. Petitioner chose to file a second amended petition

22 including the claim exhausted through direct appeal but apparently split into two claims, three of

23 the four claims raised in the state habeas proceeding, and an additional claim concerning a Kern

24 County Superior Court ruling reducing his convictions as misdemeanors. He indicated that the

25 latter four claims were not exhausted.

26         On July 15, 2015, the Court screened the second amended petition and, without addressing

27 the merits, concluded that it was not plain from the allegations that Petitioner was not entitled to

28 relief and directed Respondent to file a response. Doc. 18. Respondent filed the instant motion to

1   dismiss. Doc. 23. Petitioner did not file an opposition. The matter was considered submitted

2   pursuant to the time period set in the order directing the response. Respondent argues that the

3   petition should be dismissed for failure to exhaust state remedies.

4   **II.    THE EXHAUSTION REQUIREMENT**

5        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6   petition for writ of habeas corpus must first exhaust state judicial remedies.  28 U.S.C. §

7   2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court

8   the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v.*

9   *Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*,

10  854 F.2d 1158, 1163 (9th Cir. 1988).

11       A petitioner can satisfy the exhaustion requirement by providing the highest state court

12  with a full and fair opportunity to consider each claim before presenting it to the federal court.

13  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971);

14  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state

15  court was given a full and fair opportunity to hear a claim if the petitioner has presented the

16  highest state court with the claims factual and legal basis.  *Duncan*, 513 U.S. at 365; *Kenney v.*

17  *Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

18       A district court generally must dismiss mixed habeas corpus proceedings, that is,

19  proceedings which raise both exhausted and unexhausted claims. *Rose*, 455 U.S. at 522. However,

20  a court may not dismiss a mixed petition without first permitting the petitioner the opportunity to

21  amend the petition to delete the unexhausted claims. *Jefferson v. Budge*, 419 F.3d 1013, 1015-16

22  (9th Cir. 2005) (citations omitted).

23       Here, the Court explicitly informed Petitioner that the denial of his state habeas petition by

24  the Superior Court was insufficient to exhaust his state remedies. It appears that Petitioner

25  understood this when he filed his first amended petition which only included his claim exhausted

26  through direct appeal. However, instead of notifying the Court of his intent to proceed on that

27  exhausted claim alone, he filed a second amended petition which raises unexhausted claims. In his

28  second amended petition he indicates for each of the three claims brought through state habeas

1    proceedings and the additional claim (SAC claim 3) that he did not raise those claims on direct

2    appeal or post-conviction proceedings, and then he explicitly indicates that grounds three through

3    six were not presented to the highest state court. Both Petitioner and Respondent believe that

4    Petitioner has not exhausted these four claims. Petitioner has not requested an additional stay in

5    response to Respondent's motion.

6          Accordingly, the court must dismiss the petition for failure to exhaust state remedies.

7    However, Petitioner may amend the petition to delete the unexhausted claims.  Petitioner is

8    advised that an amended pleading supersedes the original pleading and must be "complete in itself

9    without reference to the prior or superseded pleading." Local Rule 15-220.  In order to proceed,

10   the third amended petition must *only contain exhausted claims which have been timely presented*

11   *to the California Supreme Court*, and not merely the County Superior Court.

12   **III.    ORDER**

13         For the foregoing reasons, it is hereby ORDERED that Respondent's motion to dismiss is

14   GRANTED as follows:

15         1.   The second amended petition is DISMISSED without prejudice.

16         2.   Within thirty (30) days of service of this order, Petitioner may file a third amended

17              petition based on exhausted claims only. Failure to file a third amended petition will

18              result in the dismissal of this action.

19         3.   Within sixty (60) days of service of this order, Respondent shall file a response to the

20              third amended petition, if filed, which may be an answer or motion to dismiss.

21              a.   If Respondent files an answer to the petition, Petitioner may file a reply within

22                   thirty (30) days of the date Respondent's answer is filed. If no reply is filed, the

23                   petition and answer are deemed submitted at the end of thirty (30) days.

24              b.   If a Respondent files a motion to dismiss, Petitioner shall file an opposition or

25                   statement of non-opposition within twenty-one (21) days of the date that

26                   Respondent's motion is filed. If no opposition is filed, the motion to dismiss is

27                   deemed submitted at the expiration of thirty (30) days. Any reply to an

28                   opposition to the motion to dismiss shall be filed within seven (7) days after the

opposition is served.

IT IS SO ORDERED.

Dated:   **October 21, 2015**              _____**/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE