# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LAVELLE NICHOLS, | CASE NO. 1:14-CV-1880 SMS |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JOHN KATAVICH, WARDEN, | |
| Respondent. | |

Petitioner Eric Lavelle Nichols is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. This matter was stayed for a period of time to allow Petitioner to exhaust his state remedies. Docs. 9, 11. In February 2015, the stay was lifted pursuant to Petitioner's notice to proceed and Petitioner filed an amended petition. Docs. 12-13, 15-17. This Court screened the amended petition and, without addressing the merits, concluded that it was not plain from the allegations that Petitioner is not entitled to relief and directed Respondent to file a response. Doc. 18. Respondent filed a motion to dismiss, which was granted with leave to amend. Docs. 23-24. Petitioner filed an amended petition. Doc. 25. Respondent filed an answer. Doc. 26. Petitioner did not file a reply. The parties have consented to magistrate judge jurisdiction. Docs. 6, 21. The Court now addresses the merits of the petition.

## I. BACKGROUND

Petitioner was convicted by a jury of evading a police officer in violation of California Vehicle Code § 2800.2.[1] The trial court sentenced Petitioner to a term of ten years. The

---
[1] This brief factual background is summarized from the California Court of Appeals opinion.

prosecution presented evidence that a California Highway Patrol ("CHP") officer observed a black SUV with a single occupant speeding down a city street. The officer turned on the patrol vehicle's lights and siren. The SUV went through a parking lot, back onto the street, ran a stop sign and a red traffic light, and turned a corner. The officer turned the same corner and saw the SUV crashed into a curb with the wheel buckled under and the driver's door open. The SUV was unoccupied, but the officer found a cell phone displaying Petitioner's first name and a digital camera containing pictures of Petitioner and the SUV. Residents in the area called the police and told them that Petitioner came from the side of the house and seated himself on a chair on the porch.

On the trial date in August 2010, Petitioner indicated his intent to call a Lajena Bolton as a witness who was to testify that she was driving the vehicle. She was appointed counsel and chose to invoke her Fifth Amendment right against self-incrimination. The trial court granted a continuance due to a dispute about production of recorded phone calls between Petitioner and Ms. Bolton. In September 2010, the trial court granted Petitioner's motion for appointment of a new attorney. The trial was continued twice, and trailed to March 2011.

On the March 21, 2011 trial date, the trial court denied defense counsel's motion to withdraw as counsel based on a conflict of interest. On March 23, 2011, the trial court denied Petitioner's second motion for appointment of a new attorney. On March 24, 2011, defense counsel withdrew a motion in limine to present Ms. Bolton's statements because Ms. Bolton was unavailable as a witness. Petitioner made a motion to represent himself at trial and assured the trial court that he was ready to proceed with trial that day. The trial court explained the risks of self-representation and advised Petitioner that he could not change his mind and obtain a continuance to obtain an attorney in the middle of trial. The trial court explained that Petitioner's witnesses need to be present when the prosecution rested. Petitioner stated that he "just got this case today," but the trial court advised him that he would not be grated a continuance because he was unprepared. The prosecution played recorded phone calls between Petitioner and Bolton in which Petitioner seemed to be coaching Bolton to tell a fabricated story. Petitioner presented no defense evidence and was convicted.

Petitioner appealed his conviction and brings the instant petition for writ of habeas corpus

on the ground that the trial court violated due process by its improper denial of a continuance. The California Supreme Court denied review. Petitioner now argues that he was denied a fair trial because did not have an opportunity to review all the evidence in his former attorney's possession or to contact or locate a witness.

## II.     STANDARD OF REVIEW

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

The AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102. "A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Put another way, a federal court may grant habeas relief only when the state court's application of Supreme Court precedent was objectively unreasonable

and no fair-minded jurist could disagree that the state court's decision conflicted with Supreme Court's precedent. *Williams*, 529 U.S. at 411.

### III. DISCUSSION

Petitioner argues that his right to due process was violated when the trial court denied his request for continuance in the middle of trial, shortly before the prosecution's conclusion. The California Court of Appeal affirmed, finding that the trial court did not abuse its discretion in granting Petitioner's motion for self-representation on condition that he proceed without delay, or in requiring Petitioner to proceed without a continuance. The Court of Appeal found that, under the circumstances, proceeding without a continuance was not a violation of due process. The Court now considers whether fairminded jurists could agree that the Court of Appeal's arguments are consistent with clearly established law as determined by the Supreme Court.

A. <u>Applicable Law</u>

The due process clause of the Fourteenth Amendments requires that "one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf." *In re Oliver*, 333 U.S. 257, 275 (1948).

Regarding a criminal defendant's right to self-representation, *Faretta v. California*, 422 U.S. 806 (1975), found: "The Sixth Amendment as made applicable to the States by the Fourteenth guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so." *Faretta*, 422 U.S. at 806. "[A defendant] should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id*. at 835 (internal quotations and citations omitted).

"Where a defendant untimely invokes his right to self-representation, no clearly established decision of the Supreme Court forbids a state court from requiring him to elect between grudgingly proceeding with counsel or proceeding *pro se* without additional time to prepare." *Pritchett v. Franke*, 621 Fed. Appx. 489, 490-91 (9th Cir. 2015). Trial courts have discretion to

deny a request for a continuance even if the defendant "fails to offer evidence or is compelled to defend without counsel." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. *Id*. at 590.

### B. Analysis

Here, Petitioner has not demonstrated that the denial of the continuance prevented him from having a reasonable opportunity to defend himself against the charges against him or otherwise violated of due process. Petitioner invoked his right to self-representation several days into trial and shortly before the prosecution rested. His election to self-represent was voluntarily and intelligently made. The trial court advised Petitioner of the hazards of self-representation, including that he would not be able to obtain a continuance to obtain a new trial. Petitioner assured the trial court that he was ready to proceed with trial that day. On the same day, Petitioner protested, indicating that he wanted more time. As discussed above, there is no established Supreme Court law that forbids a state court from requiring a defendant who untimely invoked his right to self-representation to proceed without additional time. In its sound discretion, the trial court required Petitioner to proceed with trial. The trial had already been continued from August 2010 to September 2010 and then to March 2011. Petitioner had been made aware of his prior attorney's arguments and evidence, including the unavailability of Ms. Bolton as a witness to testify that she was driving the vehicle, and the evidence against him. Hence, under the circumstances of this case, the trial court's denial of a continuance was not arbitrary and did not violate due process.

Further, Petitioner fails to demonstrate that the denial of the continuance had any effect on the outcome of his trial. Trial errors are subject to a harmless error test, which assesses the likelihood that the error "materially affected the deliberations of the jury." *Holloway v. Arkansas*, 435 U.S. 475, 490 (1978). On habeas review, relief may be granted if the trial error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)(internal citations and quotations omitted). Here,

Petitioner's witness had invoked her right against self-incrimination and would not testify at trial that she had been driving the vehicle. Moreover, the prosecution played recorded phone conversations between Petitioner and his witness in which he coached her to tell a fabricated story about who was driving the vehicle. After the prosecution rested, Petitioner did not present any defense evidence. These facts indicate that a continuance to review his former attorney's evidence and contact witnesses after the prosecution had rested would not likely have affected the outcome of the trial.

In sum, the Court of Appeals decision that the trial court's denial of a continuance did not violate Petitioner's due process or Sixth Amendment rights was not contrary to, and did not involve an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### IV.    APPEALABILITY

For the reasons set forth above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, the Court declines to issue a certificate of appealability.

### V.    ORDER

Based on the foregoing, it is ORDERED that:

1. The petition for writ of habeas corpus be DENIED;
2. Judgment be ENTERED for Respondent; and
3. The Court DECLINE to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 23, 2016**              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE